UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Soo Line Railroad Company,

Plaintiff,

v.

International Paper Company,

Defendant.

Civil 01-1876 FLN

ORDER

---

The above referenced case was before the Court on October 1, 2002, for a settlement conference. The case did not settle. Thereafter, the parties did settle the case. During the course of documenting the settlement terms, a disagreement arose over the terms of the release the Plaintiff would sign. The parties agreed to submit the disagreement over the release term to the Court for resolution. Each side submitted a letter brief setting forth their respective positions regarding the release term at issue.

The lawsuit arises out of a side track agreement between the parties. Plaintiff, Soo Line, claims the agreement obligates the Defendant to reimburse it for money it paid to one of its employees to settle a claim made by the employee under the Federal Employer Liability Act (FELA). Defendant, International Paper, denies that it must indemnify the Plaintiff, because it contends that the side track agreement is not applicable in the circumstances under which the employee was injured. Defendant, International Paper, has suggested it might seek, in later litigation, to recover from the contractor which constructed the facility where Plaintiff's employee was injured, the money it has agreed to pay to Plaintiff to settle this case.

FILED 5·16 03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Although the parties agree that they settled the case for a sum certain, they could not agree on the precise terms of the release Plaintiff would give to the Defendant. Plaintiff, Soo Line, seeks to preserve the right to assert a claim against Defendant, International Paper, in the event International Paper seeks indemnity from any other party. Defendant, International Paper, seeks an unconditional release of all claims Plaintiff has asserted or could assert against it.

As presented to the Court the dispute between the parties boils down to a question of whether the release in this case will include the following phrase "(except any costs that Soo Line may incur should International Paper commence its own lawsuit against third-parties for reimbursement of the money paid herein)." Based upon all of the files, records and proceedings herein, the Court concludes that it should. Contrary to the argument of the Defendant, the inclusion of the phrase will not create a right to indemnity that does not otherwise exist. It simply preserves to Soo Line, the ability to assert its indemnity claim (which it has already asserted in this case) in the event Defendant should institute litigation against any third party, and in the event that third party should implead Soo Line into Defendant's future litigation.

DATED: May 16, 2003.

FRANKLIN L. NOEL
United States Magistrate Judge